UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RODNEY RZEZUTKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:14-CV-164-PLR-HBG |
| | ) |
| SUNTRUST BANK and SUNTRUST | ) |
| INVESTMENT SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Rodney Rzezutko filed this action on March 14, 2014, in the Circuit Court for Knox County, Tennessee, and the action was timely removed to this court on April 22, 2014, by defendants SunTrust Bank & SunTrust Investment Services, Inc. (collectively SunTrust) [R. 1]. Rzezutko seeks to recover damages resulting from his purchase of shares in IdleAire, Inc. IdleAire filed bankruptcy in 2008, and Rzezutko alleges he lost his investment.

This matter is before the court on SunTrust's motion to dismiss the Complaint on the grounds that Rzezutko's claims are barred by the three-year statute of limitations contained in Tenn. Code Ann. § 28-3-105; in the alternative, SunTrust avers that Rzezutko has failed to allege any specific tort or violation of law by a SunTrust employee that caused him loss and that could have been prevented by adequate supervision by

SunTrust.  Because Rzezutko's claims are time-barred, SunTrust's motion to dismiss will be granted, and this action will be dismissed.

## I.  Background

Rzezutko's Complaint alleges that he began a business relationship with SunTrust in December 2003, and that SunTrust employee Brian Miller suggested that he purchase shares of stock of a company formerly known as IdleAire.  Rzezutko alleges he made a number of purchases of IdleAire stock through Miller, including the following:

- December 5, 2003, purchase of 2,500 shares in the value of $10,000, in the name of Michael D. Rzezutko.[1]

- December 8, 2003, purchase of 7,500 shares in the value of $30,000, in the name of Michael D. Rzezutko.

- December 9, 2003, purchase of 12,500 shares in the value of $50,000.

- December 9, 2003, purchase of 12,500 shares in the value of $50,000, in the name of Sandra Rzesutko.[2]

- February 5-6, 2004, purchase of 10,000 shares in the value of $50,000.

- February 6, 2004, purchase of 10,000 shares in the value of $50,000, in the name of Sandra Rzezutko.

- April 1, 2005, purchase of 1,002 shares in the value of $5,010 in the names of Rodney Rzezutko and Sandra Rzezutko.

---

[1] Plaintiff does not define or explain his relationship with Michael D. Rzezutko, or why plaintiff has any interest in bringing a claim for stocks purchased on Michael D. Rzezutko's behalf.
[2] Plaintiff does not define or explain his relationship with Sandra. Rzezutko, or why plaintiff has any interest in bringing a claim for stocks purchased on Sandra Rzezutko's behalf.

2

- April 4, 2005, purchase of 10,000 shares in the value of $50,000, in the names of Rodney Rzezutko and Sandra Rzezutko.

Rzezutko alleges that these transactions were "made illegally or otherwise improperly as the stocks were unregistered and misappropriated for the benefit of" Miller. Rzezutko further alleges that the "selling and offering of these unregistered stocks was a prohibited action under federal and state law . . . [as] set forth by the Securities and Exchange Commission." Rzezutko further alleges that the "selling and offering of these unregistered stocks was a prohibited action under the rules set forth by SunTrust for its employee," Miller. The Complaint goes on to allege that SunTrust terminated Miller's "employment relationship" in August 2005, but SunTrust did not "sufficiently contact" Rzezutko regarding the "reasoning of the termination." Rzezutko also alleges that on March 16, 2011, Miller "came under investigation by the Federal Bureau of Investigation, as well as the Internal Revenue Service, on allegations of defrauding clients and selling unregistered IdleAire stock to clients."

IdleAire filed Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware on May 12, 2008.[3] As this was a Chapter 11 bankruptcy, pursuant to Federal Rule of Bankruptcy Procedure 2002(d), notice of the Order of Relief and time for objections was sent to all "Equity Security Holders" of IdleAire. SunTrust learned, from an online search, that both "R. T. Rzezutko" and "Michael Rzezutko" were

---

[3] The court may take judicial notice of the pleadings from the IdleAire bankruptcy and consider them without converting SunTrust's motion into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003).

3

named on the Amended List of Equity Security Holders of IdleAire, and the address listed for both is the same address claimed by plaintiff in this action.

Rzezutko alleges only one claim in his Complaint – negligent supervision against SunTrust, asserting that SunTrust "had a duty to properly supervise . . . Miller regarding business and other monetary transactions with SunTrust's clients." Rzezutko further asserts that SunTrust failed to inform him of Miller's "potentially illegal or otherwise improper transactions," and that SunTrust was "responsible for, and . . . should have been aware of, these transactions by" Miller. The Complaint goes on to state that Rzezutko would not have purchased the stock at issue "if he had been aware of the full nature of the business dealings or put on notice by SunTrust." Rzezutko claims monetary damages in the amount of $295,010 in "lost and/or misappropriated stock purchases."

## II. Standard For Motion To Dismiss

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the plaintiff's claim that would entitle plaintiff to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.) *cert. denied*, 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court

4

must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### III. Statute of Limitations

The Tennessee courts determine the applicable statute of limitations by looking to the gravamen of the complaint. *Whaley v. Perkins,* 197 S.W.3d 665, 670 (Tenn. 2007). The primary criterion to be used by the courts to ascertain the gravamen is the type of damages sought. *Bland v. Smith,* 197 S.W.2d 715, 719 (Tenn. 1955). This criterion is utilized whether the cause of action sounds in tort or contract. *Prescott v. Adams,* 627 S.W.2d 134, 137 (Tenn.Ct.App. 1981). If the suit seeks to recover damages for injuries to the plaintiff's property, the applicable limitation period is three years as found in Tenn. Code Ann. § 28-3-105. *Williams v. Thompson,* 443 S.W.2d 447, 449 (Tenn.Ct.App. 1969) (holding that where the injury claimed is damage to personal or real property, plaintiff's contract claims were governed by the three year statute of limitations). Causes of action contemplated by this statute include fraud, misrepresentation, negligence, conversion, and conspiracy. *Vance v. Schulder,* 547 S.W.2d 927, 931-32 (Tenn. 1977).

Here, Rzezutko asserts a claim for negligent supervision against SunTrust, arising from his purchase of IdleAire stock from a SunTrust employee. Accordingly, the court finds that the gravamen of Rzezutko's Complaint is for damages to personal property,

5

and the three year statute of limitations in Tenn. Code Ann. § 28-3-105 applies to his claims.

According to the record, IdleAire filed for Chapter 11 Bankruptcy on May 12, 2008, and Rzezutko was named on the Amended List of Equity Shareholders to receive notice of the bankruptcy Order of Relief. He filed the instant action on March 14, 2014, more than three years following the bankruptcy filing by IdleAire.

The Tennessee Supreme Court had held that once a defendant sets forth a *prima facie* limitations defense – *i.e.,* where the undisputed facts show that the claim was complete outside of the limitations period – then the burden is on the plaintiff to establish that either the discovery rule or a recognized tolling exception should apply in order to defeat that defense. *Redwing v. Catholic Bishop for Diocese of Memphis,* 363 S.W.3d 436, 459 (Tenn. 2012). As the Sixth Circuit has explained, "because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run, and if the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Lutz v. Chesapeake Appalachia, LLC,* 717 F.3d 459, 464 (6th Cir. 2013).

In an attempt to avoid the statute of limitations applicable in this case, Rzezutko relies on the "discovery rule" to excuse his failure to file this action for more than eight years after he purchased the IdleAire stock at issue. As recently held by the Tennessee Court of Appeals, the Tennessee discovery rule:

> provides that a cause of action accrues and the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of

> wrongful or tortious conduct by the defendant. The discovery rule does not delay the accrual of a cause of action and the commencement of the statute of limitations until the plaintiff knows the full extent of the damages . . . or until the plaintiff knows the specific legal claim it has . . . . The discovery rule is not intended to permit a plaintiff to delay filing suit until the discovery of all the facts that affect the merits of his or her claim.

*Graham v. Lake Park Condo-Signal View,* 2013 WL 5974921 at *4 (Tenn. Ct. App. Nov. 8, 2013) *quoting Faherner v. SW Mfg. Inc.,* 48 S.W.3d 141, 143 (Tenn. 2001); *Redwing,* 363 S.W.3d at 459.

Under Tennessee's discovery rule, the statute of limitations "is tolled only during the period when the plaintiff has no knowledge that a wrong occurred, and as a reasonable person is not put on inquiry." *Id.* The Tennessee Supreme Court has held "that there is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard." The plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct. *Carvell v. Bottoms,* 900 S.W.2d 23, 29 (Tenn. 1995). In addition, an injured plaintiff must allege or demonstrate that he exercised reasonable diligence in determining the cause of his injury. *McCroskey v. Bryant Air Conditioning Co.,* 524 S.W.2d 487, 493 (Tenn. 1975). "Mere ignorance and failure of a plaintiff to discover the existence of a cause of action is not sufficient to toll the running of the statute of limitations." *Raltson v. Hobbs,* 306 S.W.3d 213, 223 (Tenn.Ct.App. 2009).

Rzezutko has not provided the court with any plausible reason why he did not discover his alleged cause of action at the time IdleAire declared bankruptcy in 2008,

7

when the losses occurred to his stock. He does not deny that he received the notice of the Chapter 11 bankruptcy by IdleAire. Rzezutko argues that he was not aware of the "improperness" of his transactions with Miller until Miller came under investigation by the Federal Bureau of Investigation in 2011. It was after this time that sufficient facts were brought to his attention that he realized he might have been injured.

The court finds Rzezutko's argument incredulous and not supported by the record in this case or the applicable case law. The stock losses alleged to have been suffered by Rzezutko occurred at the latest in 2008 when IdleAire declared bankruptcy. At that time, Rzezutko knew that his stock had declined in value; he was put on notice that he had suffered a loss; and this information should have prompted him to make a reasonable inquiry into the facts. Had Rzezutko done so, he could have discovered the reason for his injury. "Mere ignorance of a possible cause of action does not toll the statute." *In re Estate of Davis,* 308 S.W.3d 832, 842 (Tenn. 2010). Rzezutko cannot overcome SunTrust's *prima facie* limitations defense by pleading that he did not know of his injuries or did not understand the cause of them, simply because he failed to take notice of the facts that were before him. Rzezutko apparently did not appreciate the significance of the facts until he sought the advice that led to this lawsuit. But the concept of inquiry notice includes the obligation to ask those questions when a person suffers an injury at the hands of another. *Redwing,* 363 S.W.3d at 459. The discovery rule does not shield a plaintiff from his delayed "investigation of the injury." *Id.* The court finds that Rzezutko cannot rely on tolling the statute of limitations to save his claims. Accordingly,

8

SunTrust's motion to dismiss [R. 6] is **GRANTED,** and Rzezutko's claims are **DISMISSED, with prejudice.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**